UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

STEVEN S. WAUGH,

    Plaintiff,

       v.

BRADY THOMAS, ZACH SHIFFLETT,
and JUSTIN CAPENTER,

    Defendants.

CAUSE NO. 1:26-CV-107-HAB-ALT

<u>OPINION AND ORDER</u>

Steven S. Waugh, a prisoner without a lawyer, filed a complaint alleging he was attacked by a fellow inmate and denied medical treatment at the DeKalb County Jail on February 25, 2026. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Waugh alleges he was a convicted inmate serving his sentence at the DeKalb County Jail when he was attacked in his sleep by a fellow inmate. After the attack, he says he was denied medical treatment. He sues three high ranking jail officials, but he does not explain how any of them were involved. There is no general supervisory

liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

"Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Though Waugh alleges he should have been kept separate from his attacker, he provides no facts showing any of the three named defendants had actual knowledge of an impending attack.

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually

2

been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

To prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted). Though Waugh says he was refused medical attention, he does not provide facts from which it can be plausibly inferred that he had a serious medical need, that that any of the three named defendants had actual knowledge of that need, or that any were deliberately indifferent to it.

3

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Waugh believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20)**

4

**Prisoner Complaint** form. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. Under N.D. Ind. L.R. 7-6, he must use that form and may not create his own.

For these reasons, the court:

(1) GRANTS Steven S. Waugh until **April 8, 2026**, to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(2) CAUTIONS Steven S. Waugh if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 5, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5